[No. 7603. Decided March 26, 1909.]

FRANK CONNELLEY, *Appellant*, v. GEORGE W. CUSTER, *Respondent*.[1]

Appeal from a judgment of the superior court for King county, Morris, J., entered January 14, 1908, upon findings in favor of the defendant, in an action for an accounting. Affirmed.

*Chas. M. Fouts* and *Kitt Gould*, for appellant.

*James Kiefer*, for respondent.

CROW, J.—This action was commenced by Frank Connelley against George W. Custer, to dissolve an alleged partnership and for an accounting. It is conceded, that plaintiff had for some years been engaged as a contractor in building a certain class of houses, for which he had prepared plans and methods of work which made a considerable saving in construction and materially increased his profits; that on or about August 20, 1906, he formed a partnership in the business with the defendant, George W. Custer, who had theretofore been his employee; that from time to time the firm had numerous contracts for the erection of houses, all of which were substantially completed early in June, 1907; and that the plaintiff then contemplated a trip to Alaska. The plaintiff contends that he was to be gone only a short time, that the defendant was to continue the business for the firm; but that, upon plaintiff's return some two months later, the defendant refused to account for any profits of the business, or to recognize the continued existence of the partnership. The defendant contends that, early in June and immediately prior to the plaintiff's departure, the partnership was dissolved; that final settlement was then made; that all funds of the firm were divided except two small sums, one half of which the defendant agreed to pay to plaintiff's wife; and that by mutual agreement the business was thereafter conducted by the defendant alone, in his own name, and for his own benefit.

[1] Reported in 100 Pac. 335.

The trial court made findings in favor of the defendant, and entered final judgment dismissing the action, without prejudice to the plaintiff's right to hereafter bring an action for an alleged conversion of partnership property by the defendant, and also without prejudice to the defendant's right to bring an action for an alleged counterclaim pleaded in his amended answer and cross-complaint, the evidence as to such matter not having been heard, and the same not having been determined by the court. The plaintiff has appealed.

No question of law is involved on this appeal. The controlling assignments of error made by the appellant are that the findings are not sustained by the evidence. The trial court, in substance, found that the partnership had been organized; that prior thereto the appellant and respondent had prepared seventeen different plans and tracings of tenement houses, compiled in book form, and bills of materials required therefor; that the appellant had devised a scheme for cutting the materials for said houses at a sawmill, and shipping them to the place where needed, there expediting the work and cheapening the cost of the building; that the partnership was continued from its formation until the 3d day of June, 1907, at which time the appellant and respondent made a settlement of the partnership business; that an equal division of its funds was made; that its affairs were then closed except that two sums of money still due the firm and uncollected were to be thereafter divided; that the settlement was had with a view to the departure of the appellant for Alaska; that the exact date of his return was not then fixed upon or determined; that the only unfinished business which up to that time had been secured by the partnership was the building of an addition to a certain factory, and that the contract therefor was, with the full knowledge and consent of the appellant, taken by the respondent in his own name and for his own personal benefit; that thereafter the respondent carried on the business on his own account, contributing his own capital, and obtaining the contracts mentioned in the complaint in his own name and upon his own account in pursuance of the dissolution of the firm; that from the evidence offered, the court was unable to make findings as to an alleged conversion of certain partnership property by the respondent, and was also unable to make a finding as to an alleged counterclaim pleaded by the respondent.

The principal issue of fact on the trial was whether the partnership was finally dissolved when the settlement was made in June, 1907, just prior to the appellant's departure for Alaska. On this question the evidence was conflicting, but the trial judge who saw the witnesses, heard them testify, and was in a position to pass upon their credibility, resolved the same in favor of the respondent.

After a careful examination of the entire record, we conclude that the preponderance of the evidence sustains not only this finding, but all other findings made by the trial judge.

The judgment is affirmed.

RUDKIN, C. J., MOUNT, DUNBAR, and FULLERTON, JJ., concur.
CHADWICK and GOSE, JJ., took no part.